(No. 5184▬

THEODORE DIRKSEN, GEORGE DIRKSEN, ANN DIRKSEN, PARTNERS, d/b/a A. DIRKSEN AND SONS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1965.*

GIFFIN, WINNING, LINDNER AND NEWKIRK, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

Pezman, J.

The complaint filed herein alleges that there is now due and owing claimant from respondent the sum of $2,371.26. Said amount represents charges for floor coverings and draperies, as well as the installation thereof, in a residence located on the State Fair Grounds, Springfield, Illinois.

A written stipulation was entered into between claimant and respondent, by their respective attorneys, which in part is as follows:

"It is hereby stipulated and agreed by and between claimant, Theodore Dirksen, George Dirksen, Ann Dirksen, Partners, d/b/a A. Dirksen and Sons, by its attorneys, Giffin, Winning, Lindner and Newkirk, and respondent, State of Illinois, Department of Agriculture, by William G. Clark, its Attorney General, that the report of the Department of Agriculture, signed by H. E. Paxton, General Auditor, dated December 11, 1964, which has been filed in this cause pursuant to Rule 15, shall constitute the record in the case.

"It is further stipulated and agreed that this claim arises from four contracts duly entered into by claimant and an authorized employee of the said department, each contract calling for sale of the merchandise referred to in the said departmental report, and the installation of said merchandise, all of said contracts aggregating in total the sum of $2,371.26; the said sum was not paid by the department solely because of a lapse of available appropriations."

The report of the Department of Agriculture, referred to in the stipulation, signed by H. E. Paxton, General Auditor, acknowledges that the goods were received and services rendered, and that the charges therefor were the usual and reasonable charges in the community where furnished. It further indicates that the invoices for such goods and services were received by the Department of Agriculture after the appropriation for the biennium had lapsed, and, further, that said invoices would have been vouchered and paid in the regular course of business, if they had been received at the appropriate time.

This Court has repeatedly held that, where a contract

has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contracts were entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an award for the amount due. *Rockford Memorial Hospital Association, A Corporation,* vs. *State of Illinois,* Case No. 5165, opinion filed September 25, 1964; *American Oil Company, Inc., A Corporation,* vs. *State of Illinois,* Case No. 5109, opinion filed June 26, 1964. It appears that all qualifications for an award have been met in the instant case.

Claimant, Theodore Dirksen, George Dirksen, Ann Dirksen, Partners, d/b/a A. Dirksen and Sons, is, therefore, hereby awarded the sum of $2,371.26.